UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES ANTHONY DAVIS                                         CIVIL ACTION

VERSUS                                                      NO. 08-4492

TEMIKIA MYERS A.K.A. MIA BLOCK                              SECTION: "J"(1)

## REPORT AND RECOMMENDATION

Plaintiff, James Anthony Davis, a prisoner incarcerated in Nevada, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Temikia Myers a/k/a Mia Block. In this lawsuit, plaintiff claims that defendant made false statements about him to the Las Vegas Police.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge

No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.  Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

In this lawsuit, plaintiff alleges:

> 1.) The Defamation, slander, libel, deliberate indifference to false statements to the metro police (in Las Vegas, NV), sexual discrimination violate plaintiff James A. Davis rights and constituted cruel and unusual punishment violation under the first, sixth, eighth, and fourteenth amendment to the United States Constitution.
>
> 2.) The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein.  Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant unless this court grants the declaratory and relief which plaintiff seeks.

Plaintiff filed this complaint on a form to be used by prisoners asserting claims pursuant to 42 U.S.C. § 1983.  The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).  In the instant case, plaintiff meets neither of those requirements.

First, plaintiff's claim implicates no cognizable federal constitutional or statutory right.  At best, plaintiff appears to be asserting a claim for defamation.  However, defamation is not a federal constitutional tort cognizable in an action brought pursuant to 42 U.S.C. § 1983.  See Mowbray v.

---

[1] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001); Kerr v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003); Lee v. Morial, Civil Action No. 99-2952, 2000 WL 726882, at *6 n.4 (E.D. La. June 2, 2000).[2]

Second, the named defendant, who plaintiff identifies as a collections agent at Enfield Financial in New Orleans, is a private citizen, not a state actor. Further, a private citizen's act of making a report to the police does not constitute "state action" so as to render the individual liable under § 1983. Bloom v. Town of New Windsor Police Department, No. 00-7430, 2000 WL 1654752, at *2 (2nd Cir. Nov. 3, 2000); Wilson-Paige v. Pike, Civ. Action No. 2:08cv499, 2008 WL 4368751 (M.D. Ala. Sept. 22, 2008); Woods v. Valentino, 511 F.Supp.2d 1263, 1274 n.19 (M.D. Fla. 2007); Young v. Arkansas Children's Hospital, 721 F.Supp.197, 198 (E.D. Ark. 1989) ("[T]he mere furnishing of information by a private party to a law enforcement official, even if the

---

[2] This Court notes that the United States Fifth Circuit Court of Appeals has recognized what are commonly called "stigma-plus" claims against state actors:

> [D]amage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983. We have described this as a "stigma-plus-infringement" test. To meet the stigma prong, a plaintiff must show that the stigma was caused by concrete, false factual assertions by a state actor. To establish the infringement prong, a plaintiff must show that the state sought to remove or significantly alter a life, liberty, or property interest recognized and protected by state law or one of the incorporated provisions of the Bill of Rights.

State of Texas v. Thompson, 70 F.3d 390, 392 (5th Cir. 1995) (citations omitted). Even if the Court were to construe plaintiff's allegations as a "stigma-plus" claim, it would still fail because, *inter alia*, defendant is not a state actor as noted below.

information is false, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983.").

For the foregoing reasons, plaintiff's claim is not cognizable under 42 U.S.C. § 1983 and should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), but without prejudice to his right to assert a state law claim in an appropriate state court forum.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of October, 2008.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**